UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **NORTHFIELD INSURANCE COMPANY,** | } } } |
| **Plaintiff,** | } } |
| v. | } Case No.: 4:17-cv-01236-ACA } } |
| **BROWNING TIMBER & SAW MILL, LLC, et al.,** | } } } |
| **Defendants.** | } |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiff Northfield Insurance Company's motion for default judgment against defendant Jonathan Darnell. (Doc. 34). For the reasons explained below, the court finds that the motion is due to be denied.

**I.     FACTS AND PROCEDURAL BACKGROUND**

In the spring of 2016, defendant Colin Browning, the owner and sole member of defendant Browning Timber & Sawmill, LLC retained a company called "Pier One" to build a pier on his waterfront property. (Doc. 22, ¶ 11).

Defendant Brad Wilson worked for Pier One, and Pier One assigned Mr. Wilson to work on Mr. Browning's pier. (Doc. 22, ¶ 12). While working on Mr. Browning's pier, Mr. Wilson asked whether Mr. Browning would be willing to cut some trees on his (Mr. Wilson's) property for use as saw logs for Browning Timber & Sawmill. (Doc. 22, ¶ 13). On April 3, 2016, Mr. Browning loaded a skid steer loader and drove to Mr. Wilson's property. (Doc. 22, ¶ 14). On the way to Mr. Wilson's property, Mr. Browning ran into a friend, defendant Jonathan Darnell. (Doc. 22, ¶ 15). Mr. Darnell was not affiliated with Browning Timber & Saw Mill, but he accompanied Mr. Browning to Mr. Wilson's property. (Doc. 22, ¶ 15).

When Mr. Browning arrived at Mr. Wilson's property, he realized that the trees were not suitable for his business, but he agreed to stay and help Mr. Wilson pile up debris from trees that Mr. Wilson already had cut. Mr. Darnell helped cut some of the trees on Mr. Wilson's land. (Doc. 22, ¶ 17). While cutting the trees, Mr. Darnell got a chainsaw stuck in one of the trees. (Doc. 22, ¶ 18). Mr. Browning's skid steer loader started having mechanical problems, and Mr. Browning called a mechanic to come look at the skid steer. (Doc. 22, ¶ 19). Mr. Browning and Mr. Darnell left to pick up the mechanic, and Mr. Browning dropped off Mr. Darnell where the two had met

earlier in the day. Mr. Browning then went to wait for the mechanic. (Doc. 22, ¶ 21).

Without telling Mr. Browning, Mr. Darnell returned to Mr. Wilson's property. (Doc. 22, ¶ 23). Mr. Darnell called Mr. Browning from Mr. Wilson's property and told Mr. Browning that the tree in which the chainsaw had been stuck fell over and struck Mr. Wilson. (Doc. 22, ¶ 24).

On June 29, 2016, Mr. Wilson filed a complaint against Browning Timber & Saw Mill in the Circuit Court for Etowah County, Alabama seeking compensatory and punitive damages for the injuries he sustained on April 3, 2016. (Doc. 22, ¶ 25; Doc. 22-1). On October 24, 2017, Mr. Wilson amended his complaint and added Mr. Browning and Mr. Darnell as defendants. (Doc. 22, ¶ 30; Doc. 22-2).

In this case, Northfield Insurance Company seeks a declaratory judgment that, pursuant to the terms of a Commercial General Liability policy that Northfield issued to Browning Timber & Saw Mill for the policy period of March 17, 2016 to March 17, 2017, it is not obligated to defend or

indemnify Browning Timber & Sawmill, Mr. Browning, and Mr. Darnell in the underlying state court action. (Doc. 22, ¶¶ 34, 38-42).[1]

Browning Timber & Saw Mill, Mr. Browning, and Mr. Wilson have appeared and are actively defending this action. Mr. Darnell has not answered or appeared, and the Clerk entered default against Mr. Darnell. (Doc. 35). Northfield now moves for default judgment against Mr. Darnell.

## II. ANALYSIS

Generally, a defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (internal quotation marks omitted)). This general rule is subject to exceptions. For example, where a case involves multiple defendants, a court should not enter judgment against a defaulting party who may be jointly liable, until the court adjudicates the matter with respect to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Moreover, if a plaintiff prevails against non-defaulting defendants, then he is entitled to judgment against all defendants, but if the non-defaulting defendants prevail, then generally the judgment accrues to the

---

[1] Northfield currently is defending Browning Timber & Saw Mill, Mr. Browning, and Mr. Darnell subject to a full reservation of rights. (Doc. 22, ¶¶ 29, 33).

4

benefit of the defaulting defendant as well. *Id.* at 554 ("[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.").

The prohibition against inconsistent judgments extends to situations beyond that involving joint liability. In *Gulf Coast Fans v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499 (11th Cir. 1984), the Eleventh Circuit described as "sound policy" the rule that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against the default defendant if the other defendant prevails on the merits." *Id.* at 1512.

Such is the situation here. Northfield seeks the same relief as to all defendants—a declaration that there is no coverage under the insurance policy that it issued to Browning Timber & Saw Mill. Three of the four defendants are defending Northfield's declaratory judgment claim. If the court enters default judgment against Mr. Darnell and the other defendants subsequently prevail, the result will be inconsistent declaratory judgments.

Accordingly, the Court finds that entry of default judgment against Mr. Darnell is not appropriate at this stage in the proceedings. *See Gulf Coast Fans*, 740 F.2d at 1512; *N. Assurance Co. of Am. v. Bayside Marine Constr., Inc.*, 2008 WL 11395510, at *2 (S.D. Ala. Nov. 20, 2008) (denying motion for default judgment against defaulting defendant in declaratory judgment action noting risk of inconsistent judgments); *see also Northland Ins. Co. v. Calu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (finding that entry of a declaratory judgment against three defaulting defendants would be improper because two other defendants had "indicated their intention of defending themselves").

## III.  CONCLUSION

For the reasons stated above, the court **DENIES** Northfield's motion for default judgment.  (Doc. 34).

**DONE** and **ORDERED** this June 27, 2018.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE