UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **NORTHFIELD INSURANCE COMPANY,** | }<br>}<br>} |
| **Plaintiff,** | }<br>} Case No.: 4:17-cv-01236-ACA |
| v. | }<br>} |
| **BROWNING TIMBER & SAW MILL, LLC, et al.,** | }<br>}<br>} |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

This matter comes before the court on Plaintiff Northfield Insurance Company's ("Northfield") renewed motion for default judgment against Defendant Jonathan Darnell. (Doc. 71). Because Northfield's well-pleaded allegations support its claim for a declaratory judgment that it does not owe a duty to defend or indemnify Mr. Darnell in an underlying state court action, the court **GRANTS** Northfield's motion.

## I.  BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). Accordingly, the court takes as true the well-

pleaded allegations of Northfield's amended complaint. Those allegations establish the following facts.

In the spring of 2016, Defendant Colin Browning, the owner and sole member of defendant Browning Timber & Sawmill, LLC retained a company called "Pier One" to build a pier on his property. (Doc. 22 at ¶ 11). Defendant Brad Wilson worked for Pier One, and Pier One assigned Mr. Wilson to work on Mr. Browning's pier. (Doc. 22 at ¶ 12). While working on Mr. Browning's pier, Mr. Wilson asked whether Mr. Browning would be willing to cut some trees on his (Mr. Wilson's) property for use as saw logs for Browning Timber & Sawmill. (Doc. 22 at ¶ 13). On April 3, 2016, on the way to Mr. Wilson's property, Mr. Browning ran into a friend, Defendant Jonathan Darnell. (Doc. 22 at ¶¶ 14-15). Mr. Darnell was not affiliated with Browning Timber & Saw Mill, but he accompanied Mr. Browning to Mr. Wilson's property. (Doc. 22 at ¶ 15).

When Mr. Browning arrived at Mr. Wilson's property, he realized that the trees were not suitable for his business, but he agreed to stay and help Mr. Wilson pile up debris from trees that Mr. Wilson already had cut. Mr. Darnell helped cut some of the trees on Mr. Wilson's land. (Doc. 22 at ¶ 17). While cutting the trees, Mr. Darnell got a chainsaw stuck in one of the trees. (Doc. 22 at ¶ 18). After the chainsaw became stuck, Mr. Browning and Mr. Darnell left the Wilson property to pick up a mechanic to work on Mr. Browning's broken skid steer loader, and Mr.

Browning dropped off Mr. Darnell where the two had met earlier in the day. (Doc. 22 at ¶¶ 19, 21).

Without telling Mr. Browning, Mr. Darnell returned to Mr. Wilson's property. (Doc. 22 at ¶ 23). Mr. Darnell called Mr. Browning from Mr. Wilson's property and told Mr. Browning that the tree in which the chainsaw had been stuck fell over and struck Mr. Wilson. (Doc. 22 at ¶ 24).

On June 29, 2016, Mr. Wilson filed a complaint against Browning Timber & Saw Mill in the Circuit Court for Etowah County, Alabama seeking compensatory and punitive damages for the injuries he sustained on April 3, 2016. (Doc. 22 at ¶ 25; Doc. 22-1). On October 24, 2017, Mr. Wilson amended his complaint to add Mr. Browning and Mr. Darnell as defendants. (Doc. 22 at ¶ 30; Doc. 22-2).

In this case, Northfield seeks a declaratory judgment that, pursuant to the terms of a Commercial General Liability Policy (the "Policy") issued to Browning Timber & Saw Mill, it is not obligated to defend or indemnify Mr. Darnell in the underlying state court action. (Doc. 22 at ¶¶ 34, 38-42).

Northfield filed its amended complaint on March 7, 2018 and added Mr. Darnell as a defendant to this action. (Doc. 22). According to the court's docket, Northfield served Mr. Darnell with a copy of the summons and the amended complaint on April 8, 2018. (Doc. 28). After Mr. Darnell failed to plead or otherwise defend the action, Northfield moved for an entry of default against Mr.

Darnell, which the Clerk entered. (Docs. 33, 35). On May 25, 2018, Northfield filed a motion for default judgment against Mr. Darnell. (Doc. 34). The court denied the motion without prejudice because the other Defendants to this declaratory judgment lawsuit had appeared and were defending the lawsuit. (Doc. 37). In its January 8, 2019 memorandum opinion, the court entered judgment as a matter of law in favor of Northfield against the other Defendants and instructed Northfield to renew its motion for default judgment against Mr. Darnell or voluntary dismiss its claims against Mr. Darnell. (Doc. 70 at 14). On January 14, 2019, Northfield filed a renewed motion for default judgment against Mr. Darnell. (Doc. 71).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d

4

1200, 1206 (5th Cir. 1975).[1]  The Clerk has already entered Mr. Darnell's default, so the court must determine whether the well-pleaded factual allegations support Northfield's claim that it owes no duty to defend or indemnify Mr. Darnell.

Under Alabama law, an insurer's duty to defend is broader than its duty to indemnify.  *Ladner & Co., Inc. v. So. Guar. Ins. Co.*, 347 So. 2d 100, 102 (Ala. 1977).  "[W]hether an insurance company owes its insured a duty to provide a defense is determined primarily by the allegations contained in the complaint." *St. Paul Fire & Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 894-95 (11th Cir. 2009) (citing *United States Fid. & Guar. Co. v. Armstrong,* 479 So. 2d 1164, 1168 (Ala. 1985)).  "If the allegations of the injured party's complaint show an accident or occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured."  *Ladner*, 347 So. 2d at 102.

The Policy provides coverage for bodily injury caused only by "Tree Pruning, Dusting, Spraying, Repairing, Trimming or Fumigating."  (Doc. 22 at ¶¶ 36-37).  The pleadings in the underlying state court action allege that Mr. Darnell negligently and wantonly "cut and remove[d] trees off" Mr. Wilson's property and caused his injuries.  (Doc. 22-1 at ¶¶ 4-6; Doc. 22-2 at ¶ 4-5).  In addition,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Northfield's amended complaint alleges that Mr. Darnell cut trees on Mr. Wilson's property and that one of the trees Mr. Darnell tried to cut down fell on Mr. Wilson and injured him. (Doc. 22 at ¶¶ 17-18, 24). Because the Policy does not provide coverage for injuries caused by tree cutting, Northfield's allegations establish that it does not have a duty to defend of indemnify Mr. Darnell in the underlying state court action.

## III. CONCLUSION

The court **GRANTS** Northfield's motion for default judgment against Mr. Darnell. (Doc. 71). The court **ENTERS DEFAULT JUDGMENT** against Mr. Darnell on Northfield's declaratory judgment claim that it owes no duty to defend or indemnify Mr. Darnell.

Because there are no remaining claims in this action, the court will enter a separate final judgment closing the file.

**DONE** and **ORDERED** this January 15, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE